This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, James Smelko, appeals from the decisions of the Lorain County Court of Common Pleas. We affirm.
 I.
{¶ 2} On April 26, 2000, Mr. Smelko was indicted in case number 00CR055704 for two counts of sexual battery, in violation of R.C.2907.03(A)(2), three counts of corruption of a minor, in violation of R.C. 2907.04(A), sexual battery, in violation of R.C. 2907.03(A)(2) and/or (A)(3), two counts of contributing to the delinquency of a minor, in violation of R.C. 2919.24(A)(1) and/or (A)(2), unauthorized use of a motor vehicle, in violation of R.C. 2913.03(A), illegal use of minor in nudity oriented performance, in violation of R.C. 2907.323(A)(3)(a), and pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(3). On September 27, 2000, Mr. Smelko was indicted in case number 00CR056598 for corrupting another with drugs, in violation of R.C. 2925.02(A)(1), and furnishing alcohol to a minor, in violation of R.C. 4301.69(A). On the same day, Mr. Smelko was indicted in case number 00CR056600 for gross sexual imposition, in violation of R.C. 2907.05(A)(4), and case number 00CR056601 for sexual battery, in violation of R.C. 2907.03(A)(2), corrupting another with drugs, in violation of R.C. 2925.02(A)(1), and furnishing alcohol to a minor, in violation of R.C. 4301.69(A). Mr. Smelko was also indicted in case number 00CR056602 for complicity to commit perjury, in violation of R.C. 2923.03(A)(1)/2921.11(A), and case number 00CR056603 for tampering with evidence, in violation of R.C.2921.12(A)(1), and pandering sexually oriented material involving a minor, in violation of R.C. 2907.322(A)(1) and R.C. 2907.322(A)(3).
{¶ 3} Thereafter, in response to a motion filed by the State, the trial court consolidated four of Mr. Smelko's cases with each other, namely 00CR055704, 00CR056598, 00CR056601, and 00CR056603, and with three cases pending against Leslie Cavins ("Cavins"). A bench trial was held for the consolidated cases on April 9, 2002. In case number 00CR055704, Mr. Smelko was found guilty of sexual battery, R.C. 2907.03(A)(2), two counts of corruption of a minor, R.C. 2907.04(A), contributing to the delinquency of minor, R.C. 2919.24(A)(1), unauthorized use of a motor vehicle, R.C. 2913.03, illegal use of a minor in nudity oriented material, R.C. 2907.323(A)(3)(a), and pandering obscenity involving a minor, R.C. 2907.321(A)(3). In case number 00CR056598, Mr. Smelko was found guilty of furnishing alcohol to a minor, R.C. 4301.69(A). In case number 00CR056601, Mr. Smelko was found guilty of sexual battery, R.C.2907.03(A)(2), and furnishing alcohol to a minor, R.C. 4301.69(A). In case number 00CR056603, Mr. Smelko was found guilty of pandering sexually oriented material involving a minor, R.C. 2907.322(A)(3). With regard to the unconsolidated cases, in case number 00CR056600, Mr. Smelko was found guilty of gross sexual imposition, R.C. 2907.05(A)(4) and, in case number 00CR056602, Mr. Smelko was found guilty of complicity to perjury, R.C.2923.03(A)(1)/2921.11(A). Mr. Smelko was sentenced accordingly. This appeal followed.
 II.
{¶ 4} Appellant raises three assignments of error. We will consider the first and second assignments of error together to facilitate review.
 A. First Assignment of Error {¶ 5} "THE STATE'S EVIDENCE PRESENTED AT TRIAL IS LEGALLY INSUFFICIENT TO SUPPORT A VERDICT OF GUILTY ON THE CHARGES OF PANDERING SEXUALLY ORIENTED MATERIAL INVOLVING A MINOR, PANDERING OBSCENITY INVOLVING A MINOR AND CORRUPTION OF A MINOR."
 Second Assignment of Error {¶ 6} "THE TRIAL COURT'S VERDICT FINDING THE DEFENDANT GUILTY OF THE CHARGES OF PANDERING SEXUALLY ORIENTED MATERIAL INVOLVING A MINOR, PANDERING OBSCENITY INVOLVING A MINOR AND CORRUPTION OF A MINOR WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 7} First, we will consider Mr. Smelko's assertion that his convictions were against the manifest weight of the evidence. Next, we will address the assertion that the evidence was insufficient to sustain his convictions.[1] The assignments of error lack merit.
 Manifest Weight
{¶ 8} When determining whether a conviction was against the manifest weight of the evidence,
 {¶ 9} "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
{¶ 10} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
{¶ 11} In order to find Mr. Smelko guilty of pandering sexually oriented material involving a minor, the prosecution needed to prove the elements set forth in R.C. 2907.322(A)(3) as follows:
 {¶ 12} "No person, with knowledge of the character of the material or performance involved, shall do any of the following:
{¶ 13} "* * *
{¶ 14} "* * *
 {¶ 15} "(3) Create, direct, or produce a performance that shows a minor participating or engaging in sexual activity, masturbation, or bestiality[.]"
{¶ 16} Further, in order to find Mr. Smelko guilty of pandering obscenity involving a minor, the prosecution needed to prove the elements set forth in R.C. 2907.321(A)(3) as follows:
 {¶ 17} "No person, with knowledge of the character of the material or performance involved, shall do any of the following:
{¶ 18} "* * *
{¶ 19} "* * *
 {¶ 20} "(3) Create, direct, or produce an obscene performance that has a minor as one of its participants[.]"
{¶ 21} As pertinent to the charges, a performance is "any motion picture, preview, trailer, play, show, skit, dance, or other exhibition performed before an audience." R.C. 2907.01(K). Moreover, pursuant to R.C. 2907.01(F), a performance is obscene if:
 {¶ 22} "(1) Its dominant appeal is to prurient interest;
 {¶ 23} "(2) Its dominant tendency is to arouse lust by displaying or depicting sexual activity, masturbation, sexual excitement, or nudity in a way that tends to represent human beings as mere objects of sexual appetite;
{¶ 24} "* * *
{¶ 25} "* * *
 {¶ 26} "(5) It contains a series of displays or descriptions of sexual activity, masturbation, sexual excitement, nudity * * *, the cumulative effect of which is a dominant tendency to appeal to prurient or scatological interest, when the appeal to such an interest is primarily for its own sake or for commercial exploitation[.]"
{¶ 27} In the present case, J.L. testified that she was born in 1985 and that she met Lorel Coombs ("Coombs") through babysitting services provided to Coombs' children at Coombs' trailer. J.L. testified that, while she only babysat for the children at first, she later began to go to the trailer to visit with Coombs and Cavins, Coombs' boyfriend. According to J.L., Mr. Smelko would also be at the trailer and the four of them would drink alcohol and use marijuana together. J.L. explained that she began to spend a lot of time with Mr. Smelko from approximately August 1999 through April 2000 and that they would do many activities together, such as stealing alcohol, playing games, and partaking in drugs. J.L. also explained that Mr. Smelko was aware of her age because, in August 1999, Mr. Smelko, Coombs, and Cavins had a birthday party in honor of her fourteenth birthday.
{¶ 28} J.L. testified that there were times when her relationship with Mr. Smelko had a sexual nature, describing several instances of sexual contact with Mr. Smelko in detail. One of the instances involved a game of truth or dare during which J.L.'s eleven year old stepsister dared Mr. Smelko to have oral sex with J.L. J.L. stated that her pants were off and that Mr. Smelko performed oral sex on her for several minutes with other people in the room, including her stepsister, Coombs, and Cavins. J.L. explained that, at first, she had a blanket over her but that, later, the blanket was pulled off so that the others could be certain that Mr. Smelko was completing the dare.
{¶ 29} J.L. also testified with regard to an instance that involved a video camera. J.L. stated that one afternoon she was in the bedroom of the trailer with her boyfriend, Paul Schafer ("Schafer"), Mr. Smelko, Coombs, and Cavins. Everyone in the room was involved in wrapping Christmas gifts. At one point, Schafer began to kiss J.L., whereupon, every person in the room, including Mr. Smelko, decided that it would be fun to make a pornographic videotape. She explained that Schafer undressed her and began to perform oral sex on her on the bed. At the same time, Coombs and Cavins began to have intercourse beside J.L. and Schafer on the bed. J.L. testified that Mr. Smelko directed the process, telling them what to do and having each person move in certain ways to capture the entire process on video. J.L. stated that, prior to the performance, everyone decided in advance that they would make the videotape and that she would be involved in the process. Furthermore, everyone watched the videotape together after it was filmed. J.L. testified that, later, the tape was in Mr. Smelko's possession and that she became scared when Coombs informed her that Mr. Smelko "had a habit for selling things." J.L. explained that she took the videotape from Mr. Smelko, watched a portion of it with Schafer and two other people to ensure that it was the correct videotape, and, thereafter, destroyed the videotape.
{¶ 30} Lieutenant Barry Accorti, a police officer in the city of North Ridgeville, testified that he interviewed Mr. Smelko. Lieutenant Accorti also testified that Mr. Smelko admitted to incidents of sexual conduct involving J.L. and himself, including a game of truth or dare in which Mr. Smelko performed oral sex on J.L. in the presence of several people. Schafer testified that he had dated J.L. in the past. He also testified that he had witnessed sexual contact between Mr. Smelko and J.L., explaining that he had seen Mr. Smelko "fingering" J.L. when she was passed out and, also, that Mr. Smelko had taken a picture of J.L. when she was in the bathroom. With regard to the videotape, Schafer stated that the sexual activity was not discussed beforehand but that, once he began to kiss J.L., Mr. Smelko suggested that everyone should start "messing around" so that Mr. Smelko could videotape them.
{¶ 31} Vanessa White testified that Mr. Smelko is her step-grandmother's son and that she has known him her entire life. She also testified that Mr. Smelko talked with her regarding his sexual relationship with J.L. and the videotape that he had made involving J.L. Ms. White stated that Mr. Smelko informed her that Coombs, Cavins, Schafer, and J.L. had been involved in sexual activity while he had operated the videocamera.
{¶ 32} Mr. Smelko testified that he first met J.L. in 1997, at which point she informed him that she was fifteen. Mr. Smelko asserted that, consequently, he believed that J.L. was eighteen when they became friends in 1999. Referring to the truth or dare game, Mr. Smelko testified that J.L.'s stepsister dared him to perform oral sex on J.L. Mr. Smelko testified that, once the blanket that covered J.L. came off, he wished to stop the act but that he was unable to pull away because her legs were around him. In reference to the videotape episode, Mr. Smelko admitted that everyone had been in the trailer wrapping gifts but stated that there was not a video camera. He also stated that he did not tape J.L. and that he was not aware of a videotape involving J.L. When asked about a letter he had written discussing a videotape, Mr. Smelko testified that he was referring to a different videotape. Also, when asked about something else that he had written, Mr. Smelko admitted that he wrote a letter in which he stated that he would lie in court.
{¶ 33} After a careful review of the record, we cannot conclude that the trier of fact lost its way and created a manifest miscarriage of justice when it convicted Mr. Smelko of pandering sexually oriented material involving a minor, in violation of R.C. 2907.322(A)(3), and pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(3). Although conflicting testimony was presented, we refuse to overturn the verdict because the trier of fact believed other testimony. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757. Accordingly, we hold that Mr. Smelko's convictions were not against the manifest weight of the evidence.
 Sufficiency
{¶ 34} "Because sufficiency is required to take a case to the [trier of fact], a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Having already found that Mr. Smelko's convictions were not against the manifest weight of the evidence, we conclude that there was sufficient evidence to support the verdict in this case.
 B. Third Assignment of Error {¶ 35} "THE TRIAL COURT ERRED IN GRANTING THE PROSECUTOR'S REQUEST TO CONSOLIDATE APPELLANT'S CASES WITH EACH OTHER AND WITH THE CASES PENDING AGAINST LESLIE CAVINS."
{¶ 36} In his third assignment of error, Mr. Smelko asserts that the trial court erred in consolidating his cases with those of co-defendant Cavins. We disagree.
{¶ 37} In the present case, Mr. Smelko objected to the consolidation on the first day of trial but, thereafter, did not renew his objection to the consolidation after the State rested or at the conclusion of all of the evidence. Consequently, Mr. Smelko has waived this issue. See State v. Habash (Nov. 27, 1996), 9th Dist. No. 17386; see, also, State v. Hunt (Mar. 25, 1994), 11th Dist. No. 93-A-1780; see, also, State v. Rodriguez (Feb. 7, 1979), 9th Dist. No. 2733. Further, while Mr. Smelko appears to assert that the trial court also erred in consolidating his indictments together with each other in the assignment of error, he does not address or challenge this alleged error in the body of his argument and, consequently, this court disregards any such assertion.
 III.
{¶ 38} Mr. Smelko's assignments of error are overruled. The judgments of the Lorain County Court of Common Pleas are affirmed.
SLABY, P.J., BAIRD, J. CONCUR.
[1] With regard to Mr. Smelko's assertions in his assignments of error that his convictions for corruption of a minor were not supported by sufficient evidence and were against the manifest weight, Mr. Smelko does not address or challenge these alleged errors in the body of his argument. Consequently, this court disregards any such assertions.